THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANA CHRISTIAN, | CIV F 05-0850 AWI LJO |
| Plaintiff, | MEMORANDUM OPINION AND ORDER GRANTING MOTION TO SUBSTITUTE PARTIES |
| v. | MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS |
| NASSEF HENEIN, M.D., ET. AL., | |
| Defendants. | (Documents #5 & #6) |

This matter is before the court on the United States of America's motion to substitute parties and motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(1), for lack of subject matter jurisdiction. Plaintiff has not filed an opposition nor a notice of non-opposition.

**I. History**

Shana Christian ("Plaintiff") is the daughter and personal representative of the deceased, Clara J. Christian. On March 29, 2005, Plaintiff filed suit against Nassef Henien, M.D., Taft Community Medical Center, and various Does ("Defendants") in the Kern County Superior Court claiming that Defendants, through the failure to administer routine medical exams, failed to diagnose Clara with lung cancer. Doc. 1, Plaintiff's Claim. Plaintiff alleges, by way of a survival action-negligence cause of action and wrongful death cause of action, that these failures led to Clara's death. Doc. 1, Plaintiff's Claim. Defendants, including the United States of

America, removed the suit to federal district court on June 28, 2005 pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1442(a) and 28 U.S.C. § 2679(d). Doc. 1, Notice of Removal.

On July 6, 2005, the United States of America, entitling itself as "Defendant," filed a motion for substitution of parties and a motion to dismiss for lack of subject mater jurisdiction. Doc. 5. Relying on the Federal Tort Claims Act ("FTCA"), the United States of America seeks to substitute itself as the defendant in the case and dismiss the action for lack of subject matter jurisdiction based on Plaintiff's failure to pursue an administrative tort claim. See Doc. 5. On August 1, 2005, the United States of America filed a reply which stated that since Plaintiff failed to submit any opposition to the motion by the July 25, 2005 deadline, Plaintiff is precluded from oral argument. Doc 6. Under Local Rule 78-230(c), as Plaintiff has not filed an opposition, the oral arguments which were originally calendared for August 8, 2005 at 9:00 a.m. were vacated by the court and the matter taken under submission.

## II. Legal Standards

**A. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a motion to dismiss for lack of subject matter jurisdiction. See Fed. R. Civ. Pro. 12(b)(1). It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Savage v. Glendale Union High School Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors

Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).  The pleading must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment."  Tosco Corp. v. Communities For A Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).  Since subject matter jurisdiction must be affirmatively alleged, courts will not infer allegations supporting federal jurisdiction.  See Watson v. Chessman, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005); see also Tosco Corp., 236 F.3d at 499; Century Southwest Cable Television, Inc. v. CIIF Assocs., 33 F.3d 1068, 1071 (9th Cir. 1994).

When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself.  See Wolf, 392 F.3d at 362; Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2000); Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3d Cir. 1977); Devries v. IRS, 359 F.Supp.2d 988, 991 (E.D. Cal. 2005).  When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Savage, 343 F.3d at 1039 n.2.  The court need not presume the truthfulness of the plaintiff's allegations under a factual attack.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

**B. Federal Tort Claims Act**

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671-2680, waives sovereign immunity for suits in tort against the United States in limited circumstances.  It provides in relevant part:

> (b)(1) The remedy against the United States provided [] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or

    omission of any employee of the Government while acting within the scope of his or her office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

    \*\*\*

    (d) (2)  Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679.

    An Action shall not be instituted upon a claim against the United States for money damages for injury . . . or personal injury or death caused by the negligent or wrongful act or omissions of any employee of the Government while acting within the scope of his office or employment, <u>unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing</u>

28 U.S.C. § 2675(a) (emphasis added).

In the absence of a final denial by the appropriate agency, the federal courts have no subject matter jurisdiction. <u>Meridian Int'l Logistics v. United States</u>, 939 F.2d 740, 743 (9th Cir. 1991) ("The claim requirement of § 2675(a) is a jurisdictional limitation").

### III. Discussion

**A. Substitution of Parties**

The United States of America seeks to substitute itself as a defendant in this case in the place of Henein, an employee of National Health Services, Inc., ("National Health") and Taft Community Medical Center, a delivery site of National Health. Doc. 5, Bergeron Declaration ¶¶ 4-5. National Health was deemed an eligible recipient for FTCA malpractice coverage as of June

20, 1996, and "its coverage has continued without interruption since that time." Doc. 5, Bergeron Declaration ¶ 4. Edmund F. Brennan, Chief of the U.S. Attorney's Civil Division for the Eastern District of California, has provided certification that the federal defendants were "acting within the scope of their employment at the time of the alleged incidents giving rise to the claim." Doc. 5, Certification, at 2:5-7. "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim ....shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2).   Thus, the United States will be substituted as Defendant in place of named Defendants Nassef Henein, M.D. and Taft Community Medical Center.

**B. Administrative Tort Claim**

Under the FTCA, the United States of America cannot be sued for tort unless the claimant (1) filed an administrative tort claim with the appropriate agency and (2) had that claim denied. Richard G. Bergeron, a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services states that:

> I am familiar with the official records of administrative tort claims maintained by the Department as well as the system by which those records are maintained.  The Department's General Counsel's Office has a Claims Branch that maintains in a computerized database a record of administrative torts claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.  I caused a search of the Claims Branch's database to be conducted and found that an administrative tort claim was filed on May 24, 2005 by Hoyt E. Hart II, Esq., on behalf of Clara Christian, deceased[,] and Shana Christian relating to the medical care provided by Taft Community Medical Center and Dr. Nassef Henein.  No determination has yet been issued on this claim.

Doc. 5, Bergeron Declaration, ¶¶ 1-4.   Because Plaintiff has not had a claim denied with the appropriate agency, the court does not have subject matter jurisdiction to hear Plaintiff's claim against the United States due to 28 U.S.C. § 2675(a).

**C. Doe Defendants**

The court does note that dismissing the United States as a Defendant for Plaintiff's failure to comply with the FTCA does not resolve Plaintiff's claims against the Doe Defendants. The court has jurisdiction over this action pursuant to 28 U.S.C. § 1346, 28 U.S.C. § 1442(a), and 28 U.S.C. § 2679(d) because the United States is a Defendant. With the court's dismissal of the United States, there remains no independent basis for federal jurisdiction. The court declines to exercise supplemental jurisdiction over the remaining claims against the Doe Defendants because the claims the court has independent jurisdiction over have been dismissed. See 28 U.S.C. § 1367; United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Nishimoto v. Federman-Bachrach & Associates, 903 F.2d 709, 715 (9th Cir.1990).

## IV. ORDER

Accordingly, based on the above memorandum opinion, the court ORDERS that:

1. The United States' motion for substitution of parties is GRANTED;
2. The United States is SUBSTITUTED into this action as the Defendant in place of defendants Nassef Nenein, M.D., and Taft Community Medical Center;
3. The United States' motion to dismiss for lack of subject matter jurisdiction is GRANTED;
4. This action is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated:   **August 24, 2005**           /s/ Anthony W. Ishii
0m8i78                                 UNITED STATES DISTRICT JUDGE